UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-20912-KMM

BLACK RIVER PARTNERS I, LLC

    Plaintiff,
v.

CONATEGI, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff's Verified Motion for Attorneys' Fees and Sanctions (ECF No. 10). The matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, for a Report and Recommendation with respect to (1) Plaintiff's Verified Motion for Attorneys' Fees and Sanctions and Incorporated Memorandum of Law (ECF No. 10) and (2) any recommended sanctions for Defendant's failure to comply with the Court's March 30, 2021 Remand Order (ECF No. 11). A hearing was held in the matter on July 21, 2021. Having reviewed the Motion, considered the arguments made during the hearing, and being otherwise duly advised on the matter, the undersigned **RECOMMENDS** that Plaintiff's request for attorney's fees be **GRANTED**.

    **I.**    **BACKGROUND**

On March 8, 2021, Defendant filed a Notice of Removal to the United States Federal District Court, Pursuant to 28 U.S.C. § 1441, *et seq*., With a Plain and Short Statement of the Grounds for Removal (the "Notice of Removal") (ECF No. 1). Defendant then failed, however,

1

to file a civil cover sheet, file the state court records, or pay the filing fee in conjunction with its Notice of Removal as required (ECF Nos. 3, 4, 5). These deficiencies were quickly brought to Defendant's attention by the Clerk of Courts (*id.*). Nevertheless, Defendant failed to correct the deficiencies, and Judge Moore entered an Order to Show Cause as to why the civil cover sheet was not filed and the filing fee was not paid as instructed by the Clerk of Court (ECF No. 6). Plaintiff responded to the Order to Show Cause, moving to remand the mortgage foreclosure case back to state court (ECF No. 7). Defendant responded to neither the Court's Order to Show Cause nor the Plaintiff's Motion to Remand. On March 30, 2021, Judge Moore ordered the case be remanded to the Eleventh Judicial Circuit; ordered Defendant's Counsel to pay the $402.00 filing fee; referred Defendant's counsel to the Committee on Attorney Admissions, Peer Review, and Attorney Grievance for investigation; and expressly retained jurisdiction over Plaintiff's request for reasonable attorney's fees and sanctions (ECF No. 8).

Plaintiff moved for Attorney's Fees and Sanctions (ECF No. 10). The matter was referred to the undersigned for a report and recommendation as to the Motion for Attorney's Fees and recommended sanctions, if any, for Defendant's failure to comply with the Order to Show Cause (ECF No. 11). Defendant subsequently filed a Notice of Appeal of the Remand Order (ECF No. 12), which was then dismissed for want of prosecution due to Defendant's failure to file an appellant's brief within the time affixed by the rules (ECF No. 14). Plaintiff filed a Supplement to its Motion for Attorney's Fees and Sanctions, seeking additional relief for fees incurred following the filing of its initial Motion and in connection with Defendant's abandoned appeal of the Remand Order (ECF No. 17).

The undersigned set the matter for an evidentiary hearing on July 21, 2021 (ECF No. 15), and the Parties submitted a Joint Stipulation as to an agreement on the attorney's fees issue (ECF

2

No. 18). According to the Stipulation, defense counsel Julio Marrero, Esq.; Marrero, Chamizo, Marcer Law, LP (defense counsel's law firm); and Roberto Orta Paro (the client representative) jointly and severally agree to make payment to Plaintiff in the amount of $16,000, to be paid in four consecutive monthly installments; should payments fail to be made timely, following notice and an opportunity to cure, Marrero, his firm, and Paro consent to judgment entered against them in this action in the amount of $27,000, subject to set-offs or credits for any amounts previously paid (*id.*). The Parties further agree in the Stipulation to enter into a settlement agreement incorporating the terms set forth here, and they request that the Court retain jurisdiction to enforce both the Stipulation and the settlement agreement (*id.*).

The Court held the hearing as planned on July 21, 2021, at 1:30 PM at the United States Courthouse, Clyde Atkins Bldg., 11th Floor, 301 North Miami Avenue, Miami, Florida 33128. Marrero appeared at 1:37 PM, proffering to the Court that he believed the hearing to have been canceled in light of the Stipulation. The Court informed Marrero that the Stipulation did not withdraw Plaintiff's Motion and noted for the record that an individual contacted chambers an hour before the hearing to ask if his lawyer still had to attend the hearing, and he too was told that the hearing would go forward as scheduled.

Plaintiff's counsel reasonably questioned Marrero's authority to bind Mr. Orta Paro to the Stipulation. Marrero proffered[1] that he presented the Stipulation to Paro and represented that he had authorization to execute on his behalf after Paro received the Stipulation. Marrero's proffer, however, was less than deserving of credit; he made various inconsistent statements about who presented the Stipulation to his client, when he spoke to him, or what was said. Plaintiff's counsel

---

[1] Marrero was not sworn at the hearing. I questioned whether that was necessary for me to accept his proffer, as an officer of the court, and whether he would later object to the Court's failure to take evidence. Marrero stated that he would not object to the Court's reliance on his in-court statements and would stand by those statements.

3

proffered that only the day before the hearing, he agreed to include the client on the Stipulation at Marrero's request, which contradicted Marrero's proffer that he presented it to his client days before.

Following the evidentiary hearing, Marrero paid the filing fee with the Clerk of Court (ECF No. 19).

**II.     LEGAL STANDARD**

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (citations omitted). "That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process," including an assessment of attorney's fees. *Id*. (citations omitted); s*ee also Purchasing Power, LLC v. Bluestem Brands, Inc*., 851 F.3d 1218, 1223 (11th Cir. 2017) (Courts may exercise their inherent power "to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (citing *Marx v. Gen. Revenue Corp*., 568 U.S. 371382 (2013)); *Barash v. Kates*, 585 F. Supp. 2d 1368, 1371 (S.D. Fla. 2008) ("It is well established that courts may award attorney's fees and costs as a sanction pursuant to the court's inherent authority for bad faith litigation") (collecting cases)). Such sanctionable conduct includes "willful disobedience of a court order" and "act[ing] in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc*., 501 U.S. 32, 45 (1991) (citations omitted) (describing circumstances under which "federal courts have inherent power to assess attorney's fees against counsel"). However, such sanctions, "when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature" and thus "the court can shift only those attorney's fees incurred because of the misconduct at issue." *Goodyear*

4

*Tire & Rubber Co.*, 137 S. Ct. at 1186.

### III. DISCUSSION

This is not the first time Mr. Marrero has appeared before the undersigned after the frivolous removal of an action from state to federal court. Nor is it the first time that Mr. Marrero has failed to pay the filing fees in connection with such a removal. *See MJM Structural Corp. v. Columbus Apartments LLC, et al*, No. 21-CV-20631-KMM/LOUIS, ECF No. 28 (recommending the plaintiff's motion for sanctions be granted). I note here, as I noted there, that Mr. Marrero has displayed a pattern of misbehavior and willful disobedience. Yet again Mr. Marrero failed to file a civil cover sheet or pay the filing fee upon removal; and yet again Mr. Marrero failed to cure these deficiencies after receiving notice from the Clerk of Court (ECF Nos. 3, 4, 5) and failed to respond to the Court's Order to Show Cause or respond to Plaintiff's Motion to Remand despite being ordered to do so. And *again*, just as he did in *MJM Structural*, Mr. Marrero—despite an abject failure to respond to the Court's Order to Show Cause—sought to appeal the Remand Order, only to likewise have his appeal dismissed by the Eleventh Circuit for want of prosecution (ECF No. 14). In addition to the willful disregard of Court orders, Mr. Marrero's actions violated the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for Southern District of Florida (*see* 28 U.S.C. § 1914(a); S.D. Fla. L. R. 3.3), and they required the Plaintiff to needlessly litigate the removal of this case both here and at the Eleventh Circuit.

I will additionally note that I found Marrero's statements in court not credible and I do not credit his attempt to justify the failure to pay the filing fee as an administrative mix up. As he did in the evidentiary hearing that I conducted in the *MJM Structural* case, Marrero attempted to blame his staff for the failure to pay the filing fee and proffered that he had instructed someone to pay it, but he could not proffer with any reliability whether he made any efforts to cure the deficiency

5

after the Order was entering requiring that he do so. Marrero further resisted acknowledging that he had failed to file the fee in multiple cases in this District.[2] Finally, he testified without credibility about his authorization to bind the client representative to the Stipulation with Plaintiff's counsel. In light of Plaintiff counsel's credible proffer that the inclusion of the client representative was added at Mr. Marrero's request only the day before, I do not credit Mr. Marrero's representation that he spoke to Paro or was authorized to sign the Stipulation on his behalf.

Accordingly, I find that Mr. Marrero has acted in bad faith and abused the judicial process to the extent that sanctions are warranted in the form of attorney's fees incurred by Plaintiff as a result of the misconduct. At the hearing, I asked Mr. Marrero if there was any reason I should not recommend that sanctions be imposed against him for failing to pay the filing fees and failing to obey the Court's Orders. Mr. Marrero advanced no reason, and suggested that as a sanction, he be required to make a donation to a charity of the Court's choosing in the amount of $1,500.

## IV.   RECOMMENDATION

It is my recommendation that the award be entered jointly and severally between defense counsel, Juan Marrero, and his law firm, Marrero, Chamizo, Marcer Law, LP. It is patently clear that counsel bears the responsibility for the procedural deficiencies relating to the filings in this case, as well as the failure to comply with this Court's order setting the evidentiary hearing. A monetary award is warranted here to deter counsel from conducting litigation in a similar manner and to reimburse Plaintiff, at least in part. *Jones v. Int'l Riding Helmets, Ltd.*, 145 F.R.D. 120, 125 (N.D. Ga. 1992), *aff'd*, 49 F.3d 692 (11th Cir. 1995). There is no record evidence that it was the Defendant who approved or even knew about Marrero's conduct that resulted in Plaintiff counsel's

---

[2] Within days of the hearing, Marrero filed a Notice that provides an inventory of cases he has filed and when the filing fees were paid; as a result of this "audit," he represents that he "discovered" that three of those cases had outstanding filing fees, which he paid on the date of his Notice (ECF No. 20).

expenses, and no credible evidence that the client stipulated to pay those expenses.

As per the Parties' Joint Stipulation, the undersigned respectfully **RECOMMENDS** that Plaintiff's request for sanctions be **GRANTED**, and Plaintiff be awarded the reasonable fees it has incurred in the instant action as a result of Defendant's removal, in the amount of $16,000.00. The undersigned additionally recommends as a further deterrent, given that this is a repeat offense, that Marrero be **ORDERED** to make a donation in the amount of $1,500.00 to a charity of the Court's choosing.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers on this 4th day of October, 2021.

_____
LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record