UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-20912-KMM

BLACK RIVER PARTNERS I, LLC,

    Plaintiff,

v.

CONATEGI, LLC,

    Defendant.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff's Verified Motion for Attorneys' Fees and Sanctions and Incorporated Memorandum of Law. ("Mot.") (ECF No. 10). The matter was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, to issue a report and recommendation with respect to Plaintiff's Motion, including "any recommended sanctions for Defendant's failure to comply with the Court's March 30, 2021 Remand Order." (ECF No. 11). Magistrate Judge Louis held an evidentiary hearing on July 21, 2021. (ECF No. 21). On October 4, 2021, Magistrate Judge Louis issued a Report and Recommendation, ("R&R") (ECF No. 22), recommending that Plaintiff's Motion for attorney's fees be GRANTED. Magistrate Judge Louis further recommends that Julio Cesar Marrero, Esq. ("Marrero") be ordered to make a donation in the amount of $1,500.00 to a charity of the Court's choosing. No objections were filed and the time to do so has passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

As set forth in the R&R, Magistrate Judge Louis notes that Marrero has again failed to (1) pay the filing fee in connection with removal of a case from state to Federal court, (2) file a civil cover sheet, (3) cure these deficiencies, and (4) respond to the Court's Order to Show Cause and Plaintiff's Motion to Remand, in violation of this Court's Orders. R&R at 5. In addition, Magistrate Judge Louis notes that Marrero again attempted to appeal this Court's Remand Order, only to have the appeal dismissed for want of prosecution. *Id.* Magistrate Judge Louis notes that Marrero's actions willfully disregarded this Court's Orders and violated the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. Thus, Magistrate Judge Louis found that Marrero acted in bad faith and abused the judicial process such that sanctions are warranted in the form of the attorney's fees Plaintiff incurred because of the misconduct. *Id.* at 5–6. Accordingly, Magistrate Judge Louis recommends that Plaintiff be awarded attorney's fees consistent with the Joint Stipulation (ECF No. 18),[1] that is, in the amount of $16,000.00. *Id.* at 7.

Further, Magistrate Judge Louis recommends that the award be entered jointly and severally against only Marrero[2] and his law firm—Marrero, Chamizo, Marcer Law, LP—and not Defendant, as Magistrate Judge Louis found there is no record evidence that Defendant approved or knew about Marrero's misconduct, and there is no credible evidence that Defendant stipulated

---

[1] Pursuant to the Joint Stipulation on Plaintiff's Verified Motion for Attorney's Fees and Sanctions and Incorporated Memorandum of Law (ECF No. 18), Marrero; Marrero, Chamizo, Marcer Law, LP; and Roberto Orta Paro (Defendant's representative) jointly and severally agreed to (1) make payment to Plaintiff in the amount of $16,000.00, paid in four consecutive monthly installments in the amount of $4,000.00; and (2) consent to judgment entered against them in the amount of $27,000.00, subject to set-offs or credits for amounts previously paid and after notice and an opportunity to cure, should they fail to timely make payments. R&R at 3. Magistrate Judge Louis notes that the Parties agreed to enter into a settlement agreement incorporating those terms, and that they request that the Court retain jurisdiction to enforce the terms of their settlement agreement. *Id.*

[2] The R&R recommends that joint and several liability be entered against "Juan Marrero" and his law firm. R&R at 6. The Court construes this single reference to Juan Marrero as instead being to Julio Cesar Marrero, as Julio Cesar Marrero is listed as counsel of record on the docket.

to pay attorney's fees pursuant to the Joint Stipulation. *Id.* at 6–7.

Finally, Magistrate Judge Louis recommends that Marrero be ordered to make a donation in the amount of $1,500.00 to a charity of the Court's choosing.[3] R&R at 7.

This Court agrees.

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Lauren F. Louis's Report and Recommendation (ECF No. 22) is ADOPTED and that Plaintiff's Motion for Attorney's Fees and Sanctions (ECF No. 10) is GRANTED.  Plaintiff is awarded attorney's fees in the amount of $16,000.00; provided, however, that the award of attorney's fees is entered jointly and severally against Julio Cesar Marrero, Esq. and the law firm Marrero, Chamizo, Marcer Law, LP.  Further, Julio Cesar Marrero, Esq. is hereby ORDERED to personally make a donation in the amount of $1,500.00 to Camillus House, Inc., located at 1603 NW 7th Avenue, Miami, Florida 33136, http://www.camillus.org/, a charity assisting persons experiencing homelessness.  Julio Cesar Marrero, Esq. shall file a certification of his compliance with this Order within thirty (30) days from the entry of this Order, attaching a receipt for the donation thereto.  The Court retains jurisdiction to enforce this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this  9th   day of November, 2021.

*(signature)*

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

---

[3]  Magistrate Judge Louis states that, at the July 21, 2021 evidentiary hearing, Marrero did not advance any reason why sanctions should not be imposed against him, and that Marrero suggested that he donate $1,500.00 to a charity of the Court's choosing as a sanction for failing to pay the filing fees and obey this Court's Orders.  R&R at 6.

c: All counsel of record

4